IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

IN RE:

    Kevin & Stephanie Doyle

                    Debtors.

Case No. 13-06124

## MOTION TO MODIFY AUTOMATIC STAY

Now comes Cheryl S. Choates, by and through her attorney, Thomas C. Crooks, and as and for her Motion to Modify Automatic Stay, states as follows:

### INTRODUCTION

1.    Movant, Cheryl S. Choates, is a plaintiff in a § 1983 civil rights action now pending in the Northern District of Illinois before the Honorable Elaine E. Bucklo, to wit: *Choates v. City of Chicago*, 12 cv 07244, charging debtor Stephanie Doyle with false arrest, false imprisonment and malicious prosecution. (see attached Exhibit A).

2.    The cause of action was filed on September 18, 2012. The parties have exchanged written discovery and were about to begin scheduling depositions at the time your Movant was added as a creditor in an Amended Schedule F on April 26, 2013.

3.    The automatic stay should be modified to allow movant's litigation to go forward.

4.    Debtor Stephanie Doyle is a Chicago police officer. The cause of action against Stephanie Doyle is solely based upon actions taken by her in her capacity as a Chicago police officer.

5.    Under Illinois law, 745 ILCS 10/9-102, the City of Chicago is required to indemnify the debtor for any damages entered as a result of this lawsuit and must also pay the costs of defense.

6.    As a result of the City's obligation to indemnify, the debtor is in the identical position as a debtor who has insurance coverage for a contingent claim. The debtor will not be prejudiced by

1

modifying the Stay in order to permit this litigation to go forward. On the other hand, the creditor would be greatly disserved by losing her rights to litigate her claim and have a jury determine its value.

7. In determining whether to modify the stay and allow litigation to proceed, the court must balance equities:

> "The question is whether or not: a) any great prejudice to either the bankruptcy estate or the debtor will result in continuation of the civil suit, b) the hardship to the plaintiff by maintenance of the stay considerably outweighs the hardship to the debtor, and c) the creditor-plaintiff has a probability of prevailing on the merits of his case." *In re: Holtkamp*, 669 F.2d 505, 508 (7th Cir. 1982).

8. Here, the equities balance in the favor of the Plaintiff-Movant. Because the debtor is indemnified as to both damages and cost of defense, neither she nor the bankruptcy estate will incur prejudice as a result of allowing this litigation to go forward.

9. Because the litigation is well along, judicial economy would dictate that the Stay be modified and the litigation proceed. *Id.*, 669 F.2d at 508 ("[other courts] have also considered as significant the judicial economy of continuing existing actions rather than beginning the suit anew in another form.").

10. Courts typically have given little weight to the fact that by lifting the Stay, the debtor would have to participate in the defense of the litigation, "[e]specially [as here] when the debtor's insurer is obligated to provide counsel." *Id.* 669 F.2d at 508.

11. The probability of plaintiff prevailing on the litigation is also strong. The debtor police officer arrested and charged plaintiff with the offense of Disorderly Conduct and specifically stated on the Notice of Ordinance Violation, as the basis for the arrest and charge, that "Subject was taking pictures of the police." (see attached Exhibit B). Such an arrest and charge is illegal on its

face. "Although police officers may not welcome it, there is nothing unlawful about photographing police activities on the public streets." *Zolicoffer v. City of Chicago,* 2013 U.S. Dist. LEXIS 39520, *14; see, *American Civil Liberties Union of Illinois v. Alvarez,* 679 F.3d 583, 586 (7th Cir. 2012)("Illinois law does not prohibit taking silent video of police officers performing their duties in public."). In fact, "The act of *making* an audio or audiovisual recording is necessarily included within the *First Amendment's* guarantee of free speech…" *Id.,* at 595. (emphasis included in the original).

12.    The factors in this case all bode in favor of modifying the Stay and permitting the litigation to proceed. See, *In re: Winterland*, 101 B.R. 547, 548 (C.D. 1988)

WHEREFORE, plaintiff prays that this court lift the automatic stay with regard to movant's claim so that the civil rights claim against debtor can be liquidated.

                                                      s/Thomas C. Crooks
                                                     Thomas C. Crooks
                                                     Attorney for Plaintiff

Thomas C. Crooks #00547336
Three First National Plaza, Suite 1950
Chicago, IL  60602
Telephone: 312-641-2260
Facsimile: 312-641-5220
tcrooks@barristers.com