# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

20 SEP 12   11 06

| | |
|---|---|
| CHERYL S. CHOATES, | |
| Plaintiff, | |
| vs. | No. |
| CITY of CHICAGO, Municipal Corporation and Body Politic, OFFICER DOYLE #10034, | |
| Defendants. | JURY DEMANDED |

## COMPLAINT

The Plaintiff, Cheryl S. Choates, by and through her attorney, Thomas C. Crooks, complains of the defendants, City of Chicago and Officer Doyle, star # 10034, as follows:

1. This action seeks damages under federal law, pursuant to 42 U.S.C. § 1983, for acts in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution. This action also seeks damages under Illinois law.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331 and this Court's supplemental jurisdiction. Venue in this district is predicated on 28 U.S.C. Section 1391 (b).

## PARTIES AND FACTS
## COMMON TO ALL COUNTS

3. At all times material hereto, the plaintiff, Cheryl S. Choates, was a resident of the City of Chicago, County of Cook, State of Illinois, and entitled to be free from false arrest and malicious conduct by police officers.

4. The City of Chicago is a duly constituted municipal corporation and body politic, located in Cook County, Illinois.

5. Officer Doyle, at all relevant times hereto, was a sworn law enforcement officer employed by the City of Chicago as a police officer. At all times material hereto Doyle was acting under color of state law and in her capacity as a Chicago police officer. She is sued individually.

6. On or about May 22, 2012 at approximately 3:30 p.m. plaintiff was in a gas station at 98th and Halsted in the City of Chicago.

7. Plaintiff noticed a group of young girls dressed in dance uniforms. The police were present at the location and plaintiff noticed that the girls were handcuffed together. Plaintiff took a photo of the girls with her cell phone camera which was hanging from a strap around her neck.

8. Shortly after plaintiff took the picture she was approached by defendant Doyle who asked plaintiff if she were "filming" the police. Doyle grabbed plaintiff's cellphone and pulled it away, jerking plaintiff's head forward. Doyle told plaintiff it was illegal to photograph the police.

9. Doyle then placed plaintiff under arrest, without probable cause or even reasonable suspicion, that plaintiff had, or was about to commit any crime. Doyle handcuffed plaintiff and placed her in the back of a Chicago Police car.

## COUNT I - FALSE ARREST & IMPRISONMENT

1-9. Plaintiff incorporates by reference ¶¶ 1 through 9 as if fully set forth here.

10. At no time had plaintiff committed any criminal violation or engaged in any conduct which could have been mistaken for a criminal violation. Defendant had no probable cause to place plaintiff under arrest.

11. Following her arrest, plaintiff was held in a police vehicle, without probable cause, for a period of 45-60 minutes.

12. As a direct and proximate result of defendant's violation of her Fourth Amendment rights, Choates endured pain, suffering, mental anguish, emotional distress, humiliation and

embarrassment and was otherwise damaged.

13. At all relevant times, Doyle's actions were willful, wanton, intentional and malicious. Punitive damages should be awarded in order to punish and deter such conduct.

WHEREFORE, plaintiff prays for judgment in her favor and against defendants in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus punitive damages, reasonable attorney's fees and costs.

## COUNT II - FALSE ARREST & IMPRISONMENT—State Law Claim

1-9. Plaintiff incorporates by reference ¶¶ 1 through 9 as if fully set forth here.

10. At no time did plaintiff commit any criminal violation or engage in any conduct which could have been mistaken for a criminal violation. Defendant had no probable cause to place plaintiff under arrest.

11. Following her arrest, plaintiff was held in a police vehicle, without probable cause, for a period of 45-60 minutes.

12. As a direct and proximate result of defendant's false arrest and imprisonment of Choates, Choates endured pain, suffering, mental anguish, emotional distress, humiliation and embarrassment and was otherwise damaged.

13. At all relevant times, Doyle's actions were willful, wanton, intentional and malicious. Punitive damages should be awarded in order to punish and deter such conduct.

WHEREFORE, plaintiff prays for judgment in her favor and against defendants in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus punitive damages and costs.

## COUNT III – MALICIOUS PROSECUTION—State Law Claim

1-9. Plaintiff incorporates by reference ¶¶ 1 through 9 as if fully set forth here.

10. On May 22, 2012 Doyle prepared an Administrative Notice of Ordinance Violation

3

charging Choates with "Disorderly Conduct," "Breach of the Peace" and "Fail to Obey a Police Officer" under the Chicago Municipal Code. Doyle knew that the charges had no basis in fact or law but maliciously charged Choates because she did not like people taking pictures of the police.

11. Choates was released from police custody and given the Administrative Notice of Ordinance Violation requiring her to appear in court on June 11, 2012 at 10:30 am at 400 West Superior, courtroom 102. The Administrative Notice was signed by Doyle.

12. On June 11, 2012 at 10:30 am Coates appeared in courtroom 102 at 400 West Superior as noticed. No record of any charges against her was present in the courtroom. She was told by a Cook County Court Clerk that she could leave.

13. As a direct and proximate result of defendant's actions, Choates endured pain, suffering, mental anguish, emotional distress, humiliation, embarrassment and was otherwise damaged.

14. At all relevant times, defendant's actions were willful, wanton, intentional and malicious. Punitive damages should be awarded in order to punish and deter such conduct.

WHEREFORE, plaintiff prays for judgment in her favor and against defendants in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus punitive damages and costs.

### COUNT IV–745 ILCS 10/9-102–State Law Claim

1-9. Plaintiff incorporates by reference the allegations contained in Counts I through III as if fully set forth here.

10. At all relevant times hereto there existed a certain Illinois statute, to wit, 745 ILCS 10/9-102, which stated in pertinent part:

> A local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his

4

employment is liable in the manner provided in this Article.

11.     The defendant City of Chicago is required by Illinois law to pay any judgment entered against the defendant officers.

WHEREFORE, plaintiff prays for judgment in her favor and against defendant City of Chicago, in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus reasonable attorney's fees and costs.

s/Thomas C. Crooks
Thomas C. Crooks, Attorney for Plaintiff

### RULE 38 JURY DEMAND

Pursuant to Rule 38 the Plaintiffs demand trial by jury for all claims triable by jury.

Thomas C. Crooks
Three First National Plaza
Suite 1950
Chicago, Illinois 60602
Telephone: 312-641-2260
Facsimile: 312-641-5220

# EXHIBIT B

# ADMINISTRATIVE NOTICE OF ORDINANCE VIOLATION
In the City of Chicago Department of Administrative Hearings
City of Chicago, a Municipal Corporation, Petitioner, vs.

**Respondent** *if Chicago Business, use name on license* — Last Name, First Name, MI

Resp. Address No. | Dir. | Street Name | ST Suffix | Apt./Ste.

City | State ☒IL ☐Other | ZIP

**Person Served** if other than the respondent — Last Name, First Name, MI

Phone | Acct./DREV No. or Inventory No. if applicable

Identification ☐DLN/ID ☐Other | DLN State ☒IL ☐Other | D.O.B. (M/D/Y)

Height | Weight | Sex | Race | Eyes | Hair | Event/IRD#

## STEP 1: Officer, Investigator, Inspector, and/or Complainant on oath states that the Respondent did then and there violate the following section(s) of the Municipal Code of Chicago:

P00323577617

| COUNT | | COUNT | |
|---|---|---|---|
| | DRIVING WHILE USING MOBILE TELEPHONE WITHOUT HANDS-FREE DEVICE 9-76-230(a) | | UNSAFE CONDUCT ON CTA - CROSSING BETWEEN CARS 10-8-526/98-126 #2.6(a) |
| | DRINKING ALCOHOL ON THE PUBLIC WAY 8-4-030 | | FALSE BURGLAR ALARM 8-4-056(b) |
| | PUBLIC URINATION 8-4-081 | ✓ | OTHER: TITLE CHA.SEC. — RULE — |
| | ALCOHOL ON PARK DISTRICT PROPERTY 10-36-185 Ch. VII B.7 | | OFFENSE (if other): |
| | AFTER HOURS - PARK DISTRICT PROPERTY 10-36-185 Ch. VII B.2 | | |
| | SMOKING ON THE CTA 10-8-526/98-126 #2.8 | | |
| | DRINKING ALCOHOL ON CTA 10-8-526/98-126 #2.4 | | |

## STEP 2: You Must Describe Actions for Each Count below:

Count 1, In That:

Count 2, In That:

Violation Location Nos. | Dir. | Street Name *In the City of Chicago, County of Cook* | ST Suffix

Vio. Date: Mo/Day | Year 20 | Time of Violation ☐AM ☒PM | Notice Date: Mo/Day *if different than Vio. Date* | Year of Notice 20

Complainant's Name *if not issuing officer, investigator, or inspector*

CPD 11.497A
Version C - 01-05-09

Unit | Star/Badge | Signature of issuing officer, investigator, or inspector: X

## Administrative Hearing Appearance

**IMPORTANT:** UNLESS YOU HAVE BEEN ISSUED A MAIL-IN OPTION VIOLATION YOU MUST APPEAR FOR A MANDATORY HEARING ON:

Date: Mo/Day | Year 20 | Time 10:30 ☒AM ☐PM | at ☒ 400 W. Superior | Room No.

FAILURE TO APPEAR may result in the imposition of a fine not to exceed the maximum penalties for each violation as specified in the Municipal Code of Chicago plus costs, restitution, and fees. Failure to comply with the administrative law officer's order may result in the issuance of additional sanctions.

I acknowledge receipt of this notice.
Signature of Respondent or Person Served: X

I.P.R.A. Confirmation # 105423

Comments

P

TO EXPOSE ADHESIVE, REMOVE LINER    BEND BACKER, EXPOSE ADHESIVE
EXPOSE ADHESIVE, REMOVE LINER    BEND BACKER, EXPOSE ADHESIVE    TO EXPOS
TO EXPOSE ADHESIVE, REMOVE LINER    BEND BACKER, EXPOSE ADHESIVE
EXPOSE ADHESIVE, REMOVE LINER    BEND BACKER, EXPOSE ADHESIVE