Model Plan  
12/1/2011

Trustee: ■ Marshall   ☐ Meyer  
☐ Stearns   ☐ Vaughn

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: ) | Case No. 13-06124 |
| ) | |
| Kevin F Doyle ) | |
| Stephanie M Doyle ) | |
| ) | |
| Debtors. ) | Modified Chapter 13 Plan, dated 6/7/13 |

■ A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.

**Section A.**  
*Budget items*

1. As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household is **4**; (b) their ages are **_, 12, 7**; (c) total household monthly income is $ **9,050.00**; and (d) total monthly household expenses are $ **7,375.00**, leaving $ **1,675.00** available monthly for plan payments.

2. The debtor's Schedule J includes $ **40.00** for charitable contributions; the debtor represents that the debtor made substantially similar contributions for ___ months prior to filing this case.

**Section B.**  
*General provisions*

1. The debtor assumes all unexpired leases and executory contracts listed in Section G of this plan; all other unexpired leases and executory contracts are rejected. Both assumption and rejection are effective as of the date of plan confirmation.

2. Claims secured by a mortgage on real property of the debtor, set out in Section C or in Paragraph 2 of Section E of this plan, shall be treated as follows:

(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 5 of Section E may be added to that cure amount pursuant to order of the court on motion of the holder.

3. The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

4. The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

**Section C.**
*Direct payment of claims by debtor*

☐ The debtor will make no direct payments to creditors holding prepetition claims. /or/

■ The debtor will make current monthly payments, as listed in the debtor's Schedule J--increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters--directly to the following creditors holding claims secured by a mortgage on the debtor's real property:

Creditor: __CitiMortgage__ , monthly payment, $ __1,536.00__
Creditor: __CitiMortgage__ , monthly payment, $ __367.00__

**Section D.**
*Payments by debtor to the trustee; plan term and completion*

1. *Initial plan term.* The debtor will pay to the trustee $ __1,660.00__ monthly for __60__ months [and $ __ monthly for an additional __ months], for total payments, during the initial plan term, of $ __99,600.00__ . [Enter this amount on Line 1 of Section H.]

2. *Adjustments to initial term.* If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments.

3. *Plan completion.* ■ The plan will conclude before the end of the initial term, as adjusted by Paragraph 2, only at such time as all allowed claims are paid in full, with any interest required by the plan /or/
☐ The plan will conclude before the end of the initial term at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2.

**Section E.**
*Disbursements by the trustee*

The trustee shall disburse payments received from the debtor under this plan as follows:

1. *Trustee's fees.* Payable monthly, as authorized; estimated at __6.00__% of plan payments; and during the initial plan term, totaling $ __5,976.00__ . [Enter this amount on Line 2a of Section H.]

2. *Current mortgage payments.* Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect. Any current mortgage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid to the trustee under this plan.

**-NONE-**

The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $ __0.00__ . [Enter this amount on Line 2b of Section H.]

3.1. *Other secured claims secured by value in collateral.* All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at an annual percentage rates and in the fixed monthly amounts specified below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor): **(Except as stated in Section G. below.)**

**2**

(a) Creditor: **Santander Consumer, USA**   Collateral: **2009 Pontiac Torrent (w/lien)**
Amount of secured claim: $ **17,046.00** APR **4.25** %   Fixed monthly payment: $ **341.64** ;
Total estimated payments, including interest, on the claim: $**18,790.15**. ☐ Check if non-PMSI

[All claims in the debtor's Schedule D, other than mortgages treated above and claims for which the collateral has no value, must be listed in this paragraph.]

The total of all payments on these secured claims, including interest, is estimated to be $ **18,790.15** . [Enter this amount on Line 2c of Section H.]

3.2 *Other secured claims treated as unsecured.* The following claims are secured by collateral that either has no value or that is fully encumbered by liens with higher priority. No payment will be made on these claims on account of their secured status, but to the extent that the claims are allowed, they will be paid as unsecured claims, pursuant to Paragraphs 6 and 8 of this section.
**-NONE-**

4. *Priority claims of debtor's attorney.* Payable in amounts allowed by court order. The total claim of debtor's attorney is estimated to be $ **3,200.00** . [Enter this amount on Line 2d of Section H.]

5. *Mortgage arrears.* Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee. Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.

(a) To creditor **CitiMortgage** , arrears of $ **5,739.00** , payable monthly from available funds, pro rata with other mortgage arrears,
■ without interest /or/ ☐ with interest at an annual percentage rate of _____ %.
These arrearage payments, over the term of the plan, are estimated to total $ **5,739.00** .

(b) To creditor **CitiMortgage** , arrears of $ **1,578.00** , payable monthly from available funds, pro rata with other mortgage arrears,
■ without interest /or/ ☐ with interest at an annual percentage rate of _____ %.
These arrearage payments, over the term of the plan, are estimated to total $ **1,578.00** .

6. *Allowed priority claims other than those of the debtor's attorney.* Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $ **3,869.00** . [Enter this amount on Line 2f of Section H.] Any claim for which the proof of claim asserts both secured and priority status, but which is not identified as secured in Paragraphs 2, 3.1, or 3.2 of this section, will be treated under this paragraph to the extent that the claim is allowed as priority claim.

7. *Specially classified unsecured claim.* A special class consisting of the following non-priority unsecured claim: **-NONE-** shall be paid at **N/A** % of the allowed amount. The total of all payments to this special class is estimated to be $ **N/A** . [Enter this amount on Line 2g of Section H.]

Reason for the special class: **N/A** .

8. *General unsecured claims (GUCs).* All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro

Software Copyright (c) 1996-2012 CCH INCORPORATED - www.bestcase.com                                                                Best Case Bankruptcy

rata, ■ in full, /or/ ☐ to the extent possible from the payments set out in Section D, but not less than ___N/A___ % of their allowed amount. [Enter minimum payment percentage on Line 4b of Section H.] Any claim for which the proof of claim asserts secured status, but which is not identified as secured in Paragraphs 2, 3.1, or 3.2 of this section, will be treated under this paragraph to the extent that the claim is allowed without priority.

9. *Interest*. ■ Interest shall not be paid on unsecured claims /or/ ☐ interest shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of ___N/A___ % [Complete Line 4d of Section H to reflect interest payable.]

**Section F.**
*Priority*

The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority, with claims in a given level of priority reduced proportionately in the event of insufficient plan payments: (1) trustee's fee; (2) current mortgage payments; (3) secured claims listed in Section E, Paragraph 3.1; (4) priority claims of the debtor's attorney; (5) mortgage arrears; (6) priority claims other than those of the debtor's attorney; (7) specially classified non-priority unsecured claims; and (8) general unsecured claims.

**Section G.**
*Special terms*

Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A.

| | | | |
|---|---|---|---|
| **Section H.** *Summary of payments to and from the trustee* | (1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D) | | $ 99,600.00 |
| | (2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims): | | |
| | (a) Trustee's fees | $ 5,976.00 | |
| | (b) Current mortgage payments | $ 0.00 | |
| | (c) Payments of other allowed secured claims | $ 18,790.15 | |
| | (d) Priority payments to debtor's attorney | $ 3,200.00 | |
| | (e) Payments of mortgage arrears | $ 7,317.00 | |
| | (f) Payments of non-attorney priority claims | $ 3,869.00 | |
| | (g) Payments of specially classified unsecured claims | $ 0.00 | |
| | (h) Total *[add Lines 2a through 2g]* | | $ 39,152.15 |
| | (3) Estimated payments available for GUCs and interest during initial plan term *[subtract Line 2h from Line 1]* | | $ 60,447.85 |
| | (4) Estimated payments required after initial plan term: | | |
| | (a) Estimated total GUCs, including unsecured deficiency claims under § 506(a) | $ 60,308.00 | |
| | (b) Minimum GUC payment percentage | 100 % | |
| | (c) Estimated minimum GUC payment *[multiply line 4a by line 4b]* | $ 60,308.00 | |
| | (d) Estimated interest payments on unsecured claims | $ 0.00 | |
| | (e) Total of GUC and interest payments *[add Lines 4c and 4d]* | $ 60,308.00 | |
| | (f) Payments available during initial term *[enter Line 3]* | $ 60,447.85 | |
| | (g) Additional payments required *[subtract Line 4f from Line 4e]* | | $ -139.85 |
| | (5) Additional payments available: | | |
| | (a) Debtor's monthly payment less trustee's fees and current mortgage payments made by the trustee | $ N/A | |
| | (b) Months in maximum plan term after initial term | N/A | |
| | (c) Payments available *[multiply line 5a by line 5b]* | | $ N/A |
| **Section I.** *Payroll Control* | ☐ A check in this box indicates that the debtor consents to immediate entry of an order directing the debtor's employer to deduct from the debtor's wages the amount specified in Paragraph 1 of Section D and to pay that amount to the trustee on the debtor's behalf. If this is a joint case, details of the deductions from each spouse's wages are set out in Section G. | | |

**Signatures**  **Debtor(s) [Sign only if not represented by an attorney]**

                                                      **Date**

**Debtor's Attorney**   /s/ Edwin L Feld   **Date** June 7, 2013

Software Copyright (c) 1996-2012 CCH INCORPORATED - www.bestcase.com                                          Best Case Bankruptcy

| *Attorney Information (name, address, telephone, etc.)* | Edwin L Feld 6188070<br>Edwin L Feld & Associates, LLC<br>29 South LaSalle Street<br>Suite 328<br>Chicago, IL 60603<br>312-263-2100<br>Fax: 312-263-9838 |
|---|---|

## **Special Terms** *[as provided in Paragraph G]*

**Special Intentions:**
**Wells Fargo Bank, NA: Debtor is surrendering the Property to Creditor in full satisfaction of the secured claim. Creditor shall be allowed an unsecured claim for the deficiency balance owed.**
**Unsecured claims filed late shall be disallowed and shall not be paid by Trustee.**

**Student Loans owed to Sallie Mae or any other student loan servicer or provider to be paid direct outside plan.**

Software Copyright (c) 1996-2012 CCH INCORPORATED - www.bestcase.com                                                        Best Case Bankruptcy

United States Bankruptcy Court
Northern District of Illinois

In re:                                                              Case No. 13-06124-TAB
Kevin F Doyle                                                       Chapter 13
Stephanie M Doyle
       Debtors

# CERTIFICATE OF NOTICE

District/off: 0752-1          User: mrahmoun           Page 1 of 3           Date Rcvd: Jun 10, 2013
                              Form ID: pdf003          Total Noticed: 39

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 12, 2013.
```
db/jdb     +Kevin F Doyle,    Stephanie M Doyle,    3432 W 117th Street,    Chicago, IL 60655-3656
20055982   +ACL,    P.O. Box 27901,    West Allis, WI 53227-0901
20055984   +Baker & Miller,    29 N Wacker Drive, Suite 500,    Chicago, IL 60606-2854
20055985   +Bank of America,    PO Box 851001,    Dallas, TX 75285-1001
20055987   +Chase,    Cardmember Service,    PO Box 15153,    Wilmington, DE 19886-5153
20055988   +Cheryl Choates,    c/o Thomas Crooks,    Three 1st National Plaza, S-1950,    Chicago, IL 60602-5010
20409580   +Cheryl Choates court,    c/o Thomas Crooks,    Three 1st National Plaza, S-1950,
             Chicago, IL 60602-5010
20055989   +Citi,    PO Box 6241,    Sioux Falls, SD 57117-6241
20055990   +CitiMortgage Inc,    Codilis & Associates PC,    15W030 North Frontage Road Suite 100,
             Burr Ridge, IL 60527-6921
20336914   +CitiMortgage, Inc.,    c/o Codilis & Associates, P.C.,    15W030 North Frontage Road, Suite 100,
             Burr Ridge, IL 60527-6921
20510666    Citibank, N.A.,    P.O. Box 688971,    Des Moines, IA 50368-8971
20055991   +City of Chicago,    121 N Lasalle St, Suite 600,    Chicago, IL 60602-1244
20055992   +Credit Management Inc.,    4200 International Pkwy,    Carrollton, TX 75007-1912
20104685   +Department Stores National Bank/Macy's,    Bankruptcy Processing,    Po Box 8053,
             Mason, OH 45040-8053
20055993   +Dependon Collection Service,    P.O. Box 4833,    Oak Brook, IL 60522-4833
20055995   +Emergency Care Phy Services,    Dept 77-6989,    Chicago, IL 60678-0001
20287650    FIA CARD SERVICES, N.A.,    4161 Piedmont Parkway,    NC4 105 03 14,    Greensboro, NC 27410
20055996   +Fifth Third Bank,    5050 Kingsley Dr,    Cincinnati, OH 45227-1115
20055998   +Greenwood Chiro Wellness,    c/o Keynote Consulting,    220 W Campus Dr, Suite 102,
             Arlington Heights, IL 60004-1498
20056000   +Macys,    PO Box 8218,    Mason, OH 45040-8218
20056002   +Northwestern Memorial Hospital,    PO Box 73690,    Chicago, IL 60673-7690
20500572  ++PORTFOLIO RECOVERY ASSOCIATES LLC,    PO BOX 41067,    NORFOLK VA 23541-1067
            (address filed with court: Portfolio Recovery Associates, LLC,
             successor to CHASE BANK USA, N.A.,    POB 41067,    Norfolk, VA 23541)
20056004   +Santander,    PO Box 105255,    Atlanta, GA 30348-5255
20074109   +Santander Consumer USA Inc,    as Assignee for Santander,    POB 961245,
             Fort Worth, TX 76161-0244
20056005   +Santander Consumer, USA,    P.O. Box 660633,    Dallas, TX 75266-0633
20366110    Wells Fargo Bank, N.A.,    Home Equity Group,    1 Home Campus X2303-01A,
             Des Moines, IA 50328-0001
20056006   +Wells Fargo Bank, NA,    P.O. Box 5169,    Sioux Falls, SD 57117-5169
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
20055983     E-mail/Text: BANKRUPTCY@ASSETACCEPTANCE.COM Jun 11 2013 02:06:40     Asset Acceptance,
              P.O. Box 2036,   Warren, MI 48090-2036
20091881    +E-mail/Text: BANKRUPTCY@ASSETACCEPTANCE.COM Jun 11 2013 02:06:40
              Asset Acceptance LLC assignee FIFTH THIRD,   PO Box 2036,   Warren, MI 48090-2036
20055986    +E-mail/Text: RBALTAZAR@ARMORSYS.COM Jun 11 2013 02:09:55     Billstrom Pain  LLC,
              c/o Armor Systems,   1700 Kieffer Dr, Suite 1,   Zion, IL 60099-5105
20055994    +E-mail/PDF: mrdiscen@discoverfinancial.com Jun 11 2013 02:21:35     Discover,   PO Box 15316,
              Wilmington, DE 19850
20055999    +E-mail/Text: cio.bncmail@irs.gov Jun 11 2013 02:00:02     Department Of The Treasury,
              Internal Revenue Service,   PO Box 7346,   Philadelphia, PA 19101-7346
20083990     E-mail/PDF: mrdiscen@discoverfinancial.com Jun 11 2013 02:21:35     Discover Bank,
              DB Servicing Corporation,   PO Box 3025,   New Albany, OH 43054-3025
20055997    +E-mail/Text: inside_billing@gdx.net Jun 11 2013 02:14:36     Genova Diagnostics,   PO Box 3220,
              Asheville, NC 28802-3220
20502593    +E-mail/Text: ISAC.Bankruptcy@ISAC.illinois.gov Jun 11 2013 02:12:54
              Illinois Student Assistance Commission,   1755 Lake Cook Rd,   Deerfield IL 60015-5209
20056001     E-mail/Text: bankruptcydepartment@ncogroup.com Jun 11 2013 03:37:48
              Midwest Ctr Digestive Health,   c/o NCO,   PO Box 13570,   Philadelphia, PA 19101
20468039    +E-mail/Text: bncmail@w-legal.com Jun 11 2013 04:12:51     OAK HARBOR CAPITAL VII, LLC,
              C O WEINSTEIN AND RILEY, PS,   2001 WESTERN AVENUE, STE 400,   SEATTLE, WA 98121-3132
20056003    +E-mail/PDF: pa_dc_claims@salliemae.com Jun 11 2013 02:22:25     Sallie Mae,   11100 USA Parkway,
              Fishers, IN 46037-9203
20056007     E-mail/Text: wow_bankruptcy@wideopenwest.com Jun 11 2013 02:11:28     WOW Internet and Cable,
              P.O. Box 5715,   Carol Stream, IL 60197-5715
                                                                                              TOTAL: 12
```

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                 TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

```
District/off: 0752-1          User: mrahmoun            Page 2 of 3              Date Rcvd: Jun 10, 2013
                              Form ID: pdf003          Total Noticed: 39
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jun 12, 2013**               **Signature:**     _Joseph Speetjens_

```
District/off: 0752-1          User: mrahmoun             Page 3 of 3           Date Rcvd: Jun 10, 2013
                              Form ID: pdf003            Total Noticed: 39
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 7, 2013 at the address(es) listed below:

        Edwin L Feld    on behalf of Joint Debtor Stephanie M Doyle notice@edfeldlaw.com, efeld@edfeldlaw.com
        Edwin L Feld    on behalf of Debtor Kevin F Doyle notice@edfeldlaw.com,  efeld@edfeldlaw.com
        Jessica S Naples    on behalf of Creditor    CitiMortgage, Inc. ND-Two@il.cslegal.com
        Joel P Fonferko    on behalf of Creditor    CitiMortgage, Inc. ND-One@il.cslegal.com
        Marilyn O Marshall    courtdocs@chi13.com
        Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
        Thomas C. Crooks    on behalf of Creditor Cheryl  Choates tcrooks@barristers.com, gzimmerman@barristers.com

        TOTAL: 7